Not For Publication

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| PERRY H. KOPLIK & SONS, INC., | Case No. 02-B-40648 (REG) |
| Debtor. |  |
| MICHAEL S. FOX, as Litigation Trustee of PERRY H. KOPLIK & SONS, INC., |  |
|  | Adversary Proceeding |
| Plaintiff, | No. 04-02490 (REG) |
| *against* |  |
| ED STEIN, MICHAEL KOPLIK, And ALVIN SIEGEL, |  |
| Defendants. |  |

**DECISION AND ORDER ON MOTION TO REARGUE
PURSUANT TO LOCAL RULE 9023-1**

In this adversary proceeding under the umbrella of the chapter 11 case of Perry H. Koplik & Sons, Inc. (the "Debtor"), two of the defendants, former officers of the Debtor Michael Koplik and Alvin Siegel (the "Officers"), move under Local Bankruptcy Rule 9023-1(a) for reargument with respect to this Court's Order Granting Motion for Leave to Amend Complaint ("Order Granting Leave"). Under that order, the Court had permitted the plaintiff Litigation Trustee Michael S. Fox (the "Litigation Trustee") to amend his

-1-

complaint to assert new claims for constructive and intentional fraudulent transfers based on the forgiveness of borrowings by the Officers.[1]

The Officers move for reargument based on the Litigation Trustee's misstatements to the Court at the time of the oral argument on the underlying motion. The Litigation Trustee asserts that the Officers have not raised any material facts that would have altered the Court's earlier decision underlying the Order Granting Leave, and thus that the Officers are not entitled to reargument.

The Officers' Motion to Reargue is granted. Plainly the Court was given inaccurate information, and it is equally clear that the Court relied upon what it was then told. Courts need the flexibility to reconsider their determinations when it turns out that the facts upon which they had relied turn out to be incorrect in material respects, for whatever reason.

But upon reargument, the earlier decision must stand. If the Court had been told the true facts—as it should have been—the Court would have reached the same decision. The Court plainly would have found the Litigation Trustee's delay in amending the claims to be less excusable—thereby satisfying the first of the requirements for denying leave to amend—but the Court still could not find the requisite prejudice, at least in a legally cognizable sense. As the Court authorized any and all discovery necessary to deal with the claims as amended, there is still no prejudice to the Officers other than the loss of their prospective windfall of the dismissal of claims against them on grounds other than their merits.

---

[1] These claims would be in addition to the claims the Litigation Trustee had previously asserted, which had charged the Officers with waste and mismanagement in connection with the forgiveness of the borrowings, but not with fraudulent transfers.

Findings of Fact

The Debtor was a closely held family-owned business that brokered paper and paper-related products. On March 11, 2002, four of the Debtor's creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code, and an order for relief was entered and the case was converted to a case under chapter 11. A plan of reorganization for the Debtor was thereafter confirmed, and the Litigation Trustee was appointed to bring litigation on behalf of the former Debtor's estate under the Debtor's confirmed plan of reorganization.

On March 2, 2004, the Litigation Trustee brought suit against the Officers. The Litigation Trustee alleged, among other things, breach of fiduciary duties, negligence and gross mismanagement by the Officers, all while the Officers knew or should have known that the Debtor was insolvent. One particular allegation, relevant to this Motion to Reargue, asserted that the Debtor lent money to the Officers and then forgave those loans and converted them into compensation shortly after the Officers announced that the Debtor was ceasing operations and would liquidate its assets. As first asserted, however, these were species of fiduciary duty claims, rather than fraudulent transfer claims.

Sometime during March 2004 (the same month that the Litigation Trustee filed those claims), the Litigation Trustee, in an effort not to "chase a dry well,"[2] conducted a lien search and determined that there were no mortgages or liens on the New York City town house of defendant Michael Koplik, one of the Officers. However, the lien search failed to focus on the ownership—as contrasted to the lien status—with respect to the residence. More than a year later, in July 2005, the Litigation Trustee conducted a more

---

[2]    Tr. of 7/11/06 Hrg. at 30.

-3-

thorough search—this time a title search—and determined that Michael Koplik had effected a transfer of title of the town house to his wife, Joyce Koplik ("Koplik Residence Transfer") and had recorded the deed on September 6, 2002, approximately six months after the involuntary petition was filed. The Litigation Trustee then filed a separate lawsuit against Michael Koplik and his wife to avoid the Koplik Residence Transfer as a fraudulent conveyance.[3]

The Litigation Trustee then began to look at "everything else with a little different eye,"[4] and decided to pursue the forgiveness of the loans as fraudulent transfers as well. On May 4, 2006, the Litigation Trustee moved to amend the original complaint against the Officers pursuant to Fed.R.Civ.P. 15, applicable here under Fed.R.Bankr.P. 7015. Although the statute of limitations on fraudulent transfer causes of action had expired, the Litigation Trustee asserted that his proposed amendment related back to the date of the original complaint because the claim assertedly arose out of the same conduct, transaction, or occurrence that was set forth in the original complaint.

The Officers objected, arguing, *inter alia*, that this Court should not allow the Litigation Trustee to amend his complaint because the Litigation Trustee could not explain why he had waited more than two years before seeking to amend. They further contended that the new claims did not relate back to the original complaint, and thus that any amendment would be futile, because, by the time the new claims were asserted, the statute of limitations applicable to fraudulent transfer claims had expired.

---

[3] The claims in this lawsuit should not be confused with the separate claims that the Litigation Trustee sought leave to assert with respect to the loan forgiveness, which led to the Order Granting Leave and which are the subject of this reargument motion.

[4] Tr. of 7/11/06 Hrg. at 7.

At oral argument on these motions, counsel for the Litigation Trustee attempted to explain the reason for the two-year delay in seeking to amend the complaint. Counsel for the Litigation Trustee stated that although he had searched for a possible transfer of the residence, the Koplik Residence Transfer was neither recorded nor a matter of public record due to a "tremendous lag" and delay factor in the county clerk's office, so the Litigation Trustee could not have known about it at the time he filed the complaint.[5]  This Court asked questions with respect to the "delay factor,"[6] but the Court ultimately granted the Litigation Trustee's Motion for Leave to Amend, then finding no bad faith, dilatory motive, or undue delay.[7]  In its Findings of Fact in connection with that determination,

---

[5]  As stated at the hearing:

> [Counsel for the Litigation Trustee]: "[W]hat [Defendant's Counsel] maybe is not aware of is the delay factor with the recording office of the clerk. We – before we filed in March of [2004] we checked. The transfer was not yet recorded. . . . It was not a matter of record when we filed this complaint, Judge. It was not at the recording office. There's a tremendous lag in the New York County Clerk's Office in terms of filing these things. We did not find out about it until we did our search during the summer of [2005]."

Tr. of 7/11/06 Hrg. at 29.

[6]  This Court questioned the Plaintiff at oral argument on the "delay factor":

> The Court: "[H]ow do people in New York do real estate transactions when there can be a delay of a couple of years or more between the time that a deed is executed and the time that it becomes record?"

> [Counsel for Litigation Trustee]: "Your Honor, if I were – if I were a real estate attorney, I would – I would [be] pulling out what little hair I have left. I have no idea. I frankly don't. And it's something that is scourge. And particularly attenuating and particularly bad in New York County versus other counties. Why that was, Your Honor, I – I can't say. I can tell you that, you know, we had a title company periodically checking on this because, you know, we don't want to chase a dry well obviously. There's no reason to waste the estate's resources if there's no assets there."

*Id.* at 30.

[7]  The Court regarded this issue to be the more important one. It was satisfied that the amendment related to the same transaction or occurrence.

the Court specifically found no "bad faith on the part of the plaintiff, nor . . . undue delay here. . . ."[8] The Court continued:

> The conveyance by Koplik to his wife, which because of recording delays was discovered in 2005, long after it happened, at least arguably if not plainly, put his prior conduct in a different light.[9]

After the hearing, the Officers brought to this Court's attention that the 2002 Koplik Residence Transfer was in fact timely recorded on September 6, 2002—just 23 days after the date of execution of the deed, and more than 18 months before the Litigation Trustee filed the complaint. The Officers argue that this Court accepted and was materially influenced by the Litigation Trustee's false explanation for the delay; that the Litigation Trustee either had actual or constructive notice of the Koplik Residence Transfer before filing the complaint; and that had this Court known these facts it would have found that the Litigation Trustee had acted in bad faith and with dilatory motive and would have denied the Litigation Trustee's Motion for Leave to Amend.

The Litigation Trustee contends that the date that he discovered the Koplik Residence Transfer was unaffected by his counsel's misstatement and remained unchanged, so the decision underlying the Court's Order Granting Leave would not have changed under applicable law.

The Court finds as facts that the date the Litigation Trustee acquired *actual* notice of the transfer of the town house from Michael Koplik to his wife did in fact remain unchanged, but that the date the Litigation Trustee acquired *constructive* notice of the transfer was in fact 18 months earlier, and that the Litigation Trustee's earlier explanation

---

[8] Tr. of 7/11/06 Hrg. at 39.

[9] *Id.*

-6-

to the Court with respect to the circumstances underlying the delay was inaccurate. The Court further finds as facts that the Litigation Trustee did not act with intentional bad faith or with dilatory motive, but that the facts as represented to the Court in oral argument were simply false, even though not intentionally so. The Court further finds as facts that the Court was materially influenced by the Litigation Trustee's explanation at the time, and that the Court did indeed rely on the facts as the Litigation Trustee presented them. They were a material underpinning of the Court's original determination.

The Court further finds as facts, however, that by reason of its understanding of the facts as they were then presented, it authorized any and all incremental discovery that might be appropriate to deal with the new allegations. These allegations would represent something more than an alternative legal theory—as they would require consideration of new facts, relating to solvency and intent—but they related to the same loan forgiveness that was the subject of the original claims, and the Court could avoid prejudice by providing any necessary incremental discovery. To the extent the discovery taken to date would be insufficient to address the new allegations, the Court could ameliorate any deficiencies by simply authorizing more discovery.

The Court further finds as a fact, or as a mixed question of fact and law, that the Officers' loss of the ability to block the assertion of claims on grounds other than their merits does not constitute prejudice in the sense that courts consider prejudice on motions of this character.

Discussion

I.

Reargument Under LBR 9023-1

Local Bankruptcy Rule 9023-1(a) governs Motions for Reargument, and provides, in pertinent part:

> A motion for reargument . . . . shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

To prevail on a motion for reargument under Rule 9023-1(a), the movant must show that the court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision."[10] Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice,"[11] or show that newly discovered evidence has been unearthed.[12]

The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered.[13] In addition, the parties cannot advance new facts or arguments, present the case under a new theory, or otherwise take

---

[10] *In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005) (Bernstein, C.J.); *In re Adelphia Business Solutions, Inc.*, 2002 WL 31557665, *1 (Bankr. S.D.N.Y. 2002) (Gerber, J.); *Family Golf Ctrs., Inc. v. Acushnet Co. & Fortune Brands, Inc. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 61 (Bankr. S.D.N.Y. 2003) (Bernstein, C.J.).

[11] *Asia Global Crossing*, 332 B.R. at 524; *Family Golf Ctrs.*, 290 B.R. at 61.

[12] *In re Petition of Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (Gallet, J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied,* 464 U.S. 864 (1983)).

[13] *Asia Global Crossing*, 332 B.R. at 524; *Family Golf Ctrs.*, 290 B.R. at 61; *Petition of Bird*, 222 B.R. at 235.

"a second bite at the apple."[14] The moving party must point to previously advanced data or controlling decisions that the court overlooked that might reasonably be expected to alter its conclusion.[15]

Alternatively, a court may modify its earlier order when it appears that it issued the order based on a mistake of fact, even when the mistake is on the part of the court.[16]

Here there can be no doubt that the Court ruled on the basis of incorrect information, and that the information was then perceived by the Court to be material, at least at the time the Court then ruled. Where, as here, facts that are admittedly wrong were presented to the Court and a litigant wishes to bring the true facts to the Court's attention on reargument, the Court has little doubt that it has the power, in its discretion, to hear of them.

Alternatively, the same logic that permits a court to correct its earlier order when it learns that it acted under a mistake of fact should permit it to correct its earlier order when it learns that facts presented to it, and upon which it then relied, were admittedly wrong.

Either way, the Court need not sit by without appropriate consideration of the true facts. The motion for reargument is granted. The Court will give a fresh look to its earlier determination.

---

[14] *Asia Global Crossing*, 332 B.R. at 524; *Family Golf Ctrs.,* 290 B.R. at 61; *Petition of Bird*, 222 B.R. at 235. *Accord Periera v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.),* 216 B.R. 713, 716 (S.D.N.Y.1997) (reargument under Local District Rule 6.3, from which Local Bankruptcy Rule 9023-1 was derived, is limited to the record that was before the Court on the original motion).

[15] *Key Mech., Inc. v. BDC 56 LLC  (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003).

[16] *See In re 310 Associates,* 346 F.3d 31, 35 (2d Cir. 2003) (*per curiam*).

## II.

### Amendment and Delay Under Rule 15

The legal standards governing the Litigation Trustee's Motion for Leave to Amend are also relevant to the analysis of whether the Court might alter the conclusion it previously reached on reargument. Fed.R.Civ.P. 15, applicable under Fed.R.Bankr.P 7015, governs amended pleadings. Rule 15(a) provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.[17] Otherwise the party may amend only by leave of court or written consent of the adverse party.[18]

Leave to amend under Rule 15(a) "shall be freely given when justice so requires" absent an apparent or declared reason, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."[19] When there has been delay, the burden is on the party who wishes to amend to provide a satisfactory explanation for the delay.[20] While mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis to deny the right to amend,[21] courts may "deny leave to amend where the motion is made after an

---

[17]   Fed. R. Civ. P. 15(a).

[18]   *Id.*

[19]   *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[20]   *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990).

[21]   *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993); Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987); *Resorts & Motel Advance Dev. Agency, Ltd. v. Sloan,* 160 F.R.D. 449, 451 (S.D.N.Y.1995).

inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant."[22]

### III.

### Application to the Facts Here

Here there can be no serious dispute that what the Court was told with respect to the time of the deed's recording was false. The deed was not, in fact, recorded as late as the Litigation Trustee's counsel said it was, and thus constructive notice preceded actual notice by nearly three years and preceded the motion to amend by three and a half years.[23]

But as the Litigation Trustee noted in his opposition to this reargument motion, the time the Litigation Trustee *actually* acquired notice did not change as a consequence of the disclosure of the true facts. The time by which he should be *deemed* to have acquired notice, by reason of constructive notice principles plainly did, and constructive notice may have relevance in some cases, but constructive notice is ultimately not relevant here. The time by which the Litigation Trustee got constructive notice did not go to his good faith, nor was it relevant to a dilatory motive. And as there is no indication that counsel's misstatement to the Court was intentional, the misstatement does not go to the Litigation Trustee's good faith now.

More importantly, the time of constructive notice and deemed discovery has nothing to do with prejudice. The issue in that respect, in the Court's view, is whether the movant's delay has impaired the defendant's ability to defend himself. In this case,

---

[22] *Cresswell*, 922 F.2d at 72.

[23] The Koplik Residence Transfer was recorded in September 2002. The Litigation Trustee acquired actual notice in July 2005 and moved to amend his complaint in May 2006.

as the Court has found, the Court's willingness to authorize any and all discovery necessary to deal with the incremental claims resulted in a situation where there was no prejudice here. And while any defendant would no doubt welcome the opportunity to be spared the need to defend additional claims by reason of his opponent's misstep, the loss of the windfall of securing victory before consideration of the merits, at least in this factual context, cannot be regarded as legally cognizable prejudice.

Thus, even if the Court had found that there was inordinate delay and an unsatisfactory explanation for the delay, two of the three factors identified in *Cresswell*, it could not find the necessary prejudice, the third factor *Creswell* requires.

By this determination, the Court hardly wishes to encourage, much less reward, litigants who are careless in their presentation of facts to this or any other Court. When courts ask questions of counsel, even (or perhaps especially) when they are asking questions that go beyond the four corners of the affidavits or other factual presentations before them, judges want accurate answers. And if counsel does not know the answer or is unsure, counsel should say so. But ultimately, determining a motion of this character requires attention to the standards that have been laid out in the caselaw, most notably the principle that leave to amend should be granted freely and that denial of that right requires a showing of prejudice. Legally cognizable prejudice has not been shown here.

## Conclusion

For the foregoing reasons, the Officers' Motion to Reargue is granted, and upon reargument, the earlier decision is adhered to.

SO ORDERED.

Dated:   New York, New York  
        October 18, 2007               */s/Robert E. Gerber*  
                                        United States Bankruptcy Judge